# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**OTIS ANDERSON**
        **Petitioner-defendant,**

**v.**                                                  **Case No. 22-C-260**
                                                        **(Criminal Case No. 19-CR-227)**

**UNITED STATES OF AMERICA**
        **Respondent-plaintiff.**

## ORDER

Petitioner Otis Anderson again moves, pursuant to 28 U.S.C. § 2255, to vacate his sentence for armed bank robbery and felon in possession of a firearm. Because the motion constitutes an unauthorized successive collateral attack, it must be dismissed.

**I.**

The government charged petitioner with the October 25, 2019, armed bank robbery of Old National Bank, see 18 U.S.C. § 2113(a), (d); brandishing a firearm during a crime of violence, i.e., the October 25, 2019, bank robbery, see 18 U.S.C. § 924(c); and felon in possession of a firearm based on a gun recovered from his car on October 29, 2019, see 18 U.S.C. § 922(g)(1). Pursuant to an agreement with the government, petitioner pleaded guilty to armed bank robbery and felon in possession, with the § 924(c) count to be dismissed. In entering his plea, petitioner agreed to the facts set forth in the plea agreement, including that he used a "silver firearm" to commit the robbery.

On November 17, 2020, I sentenced petitioner to 108 months in prison, the term jointly recommended by the parties. He took no appeal.

On March 21, 2021, petitioner sent the court a letter asking for help in getting his sentence modified. He referenced a statement made by the prosecutor during the sentencing hearing: "The government is also moving to dismiss Count 2, the 924(c). And the only reason that that count was dismissed as part of negotiations in this case, is that we couldn't prove that an actual firearm was involved in the offense." (Case No. 19-CR-227, R. 20 at 4:20-23.) In his letter, petitioner stated that he used a BB gun during the robbery. He further stated that his lawyer had declined to file a motion to modify the sentence.

On November 22, 2021, petitioner filed a § 2255 motion, arguing: (1) that the prosecutor engaged in misconduct by charging him with armed robbery given the lack of proof that he used a real gun, and (2) that his lawyer provided ineffective assistance by failing to correct his sentence. In his request for relief, he stated: "I would like my points be recounted to reflect that I did not use a real firearm and my levels be lowered to reflect so." (Case No. 21-C-1350, R. 1 at 10.)

On November 30, 2021, I denied the motion. Anderson v. United States, No. 21-C-1350, 2021 U.S. Dist. LEXIS 232136 (E.D. Wis. Nov. 30, 2021). As to the first claim, I concluded that petitioner's voluntary guilty plea to armed bank robbery, which included an admission that he used a firearm to commit the crime, foreclosed a collateral attack. Id. at *10-11 (citing Davila v. United States, 843 F.3d 729, 732-33 (7th Cir. 2016)). I further concluded that, even if the claim was not foreclosed, petitioner failed to demonstrate that the government acted improperly. The armed bank robbery statute does not require that the defendant use a "real" firearm to carry out the offense, only that he used a "dangerous weapon," which can be a "toy gun." Id. at *11 (citing United States v. Hargrove, 201 F.3d 966, 968 n.2 (7th Cir. 2000)). To the extent petitioner challenged the guideline enhancement for brandishing a firearm set

2

forth in the PSR, see U.S.S.G. § 2B3.1(b)(2)(C), I noted that errors in calculating the advisory sentencing guideline range generally may not be corrected in a § 2255 proceeding, id. (citing Hawkins v. United States, 706 F.3d 820, 823 (7ᵗʰ Cir. 2013)); that guideline enhancements may be proven by a preponderance of the evidence only, id. (citing U.S.S.G. § 6A1.3); and that petitioner's sentence in this case did not turn on whether he used a real gun or a fake one in committing the robbery, id. at *12 (citing 18 U.S.C. § 3553(a)).

As to the second claim, I noted that petitioner made no claim that prior to sentencing he told his lawyer he did not use a real gun or that he asked his lawyer to challenge the firearm enhancement, yet counsel did nothing. Id. (citing Koons v. United States, 639 F.3d 348, 353 (7ᵗʰ Cir. 2011) ("Koons fails to allege in his petition, accompanying affidavit, or anywhere else in the record that he even once told trial counsel the version of events . . . that he posits on appeal.").). Instead, he relied on the prosecutor's remark at sentencing, but he failed to explain what counsel should have done at that point. Id. at *12-13 (citing Blake v. United States, 723 F.3d 870, 879 (7ᵗʰ Cir. 2013) (indicating that the defendant must direct the court to specific acts or omissions constituting deficient performance).) I further concluded that petitioner failed to demonstrate prejudice. There was no reasonable probability that the outcome would have been different had counsel made the argument petitioner presented in the motion; the armed bank robbery conviction did not require use of a real gun, nor did the sentence turn on whether the gun was real or fake.

Petitioner took no appeal from the denial of his first § 2255 motion. Instead, on March 1, 2022, he filed another motion under § 2255. In this motion, he raises a single claim of ineffective assistance of counsel. Specifically, he alleges that he told his lawyer he did not use a real gun in the robbery, yet his lawyer did not correct the prosecutor or challenge the

3

guideline enhancement for brandishing a firearm. He contends that his lawyer also failed to tell him that he could take the plea and still speak on the fact that he was not guilty of brandishing a firearm. (R. 22-C-260, R. 1 at 6-7.) In his request for relief, he states: "I'm asking that the 5 level enhancement be taken away and my sentence re-calculated and that should get me a new plea to reflect the change for a shorter sentence." (Id. at 10.)

## II.

Federal prisoners are generally permitted just one collateral attack on their sentences. Unthank v. Jett, 549 F.3d 534, 535 (7th Cir. 2008). Second or successive motions must be certified by the court of appeals. 28 U.S.C. § 2255(h). Successive motions filed without appellate permission must be dismissed for lack of jurisdiction. Curry v. United States, 507 F.3d 603, 604-05 (7th Cir. 2007); United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007). Petitioner does not contend, nor does the docket reflect, that such permission has been obtained.

## III.

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion (R. 1) is dismissed, and this case is dismissed. The clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis (R. 2) is denied as moot. There is no filing fee for § 2255 actions in the district court, and petitioner identifies no other costs associated with the action he is unable to pay.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a

4

"substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  When a district court denies a motion on procedural grounds, a COA may issue only if the petitioner shows both that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Id. at 484-85.  For the reasons stated above, petitioner cannot make such a showing, either as to the procedural barrier to relief or on the merits, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 2nd day of March, 2022.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge

5